Mr. Thomas A. Grunden, Executive Director Mental Health Center of Greater Little Rock 4313 West Markham Little Rock, Arkansas 72205-4096
Dear Mr. Grunden:
This is in response to your request for an opinion regarding the protection offered to the Mental Health Center's ("Center") non-physician treatment staff through the State Claims Commission process. Your specific questions are paraphrased as follows:
 1. What are the limits of the protection offered through the State Claims Commission Process?
 2. Are there risks to the practitioners in question through this process?
 3. Are individuals covered for legal costs, including attorney's fees?
 4. Should the Center secure professional liability and malpractice insurance for the non-physician treatment staff?
Your questions require a review of several legislative enactments. A.C.A. 21-9-203 (Supp. 1987) states in pertinent part as follows:
 The State of Arkansas shall pay actual, but not punitive, damages adjudged by a State or federal court, or entered by such court as a result of a compromise settlement approved and recommended by the Attorney General, against officers or employees of the State of Arkansas, or against the estate of such an officer or employee based on an act or omission by the officer or employee while acting without malice and in good faith within the course and scope of his employment and in the performance of his official duties.
When it has been determined by the Attorney General's Office that a conflict of interest for the civil litigation division or any division of the Attorney General's Office exists and therefore the Attorney General's Office must decline representation of the officer or employee, the State agency for which the officer or employee is employed is authorized to enter into a contract to hire special counsel to represent the officer or employee . . . The agency will be responsible for the payment of the contract with funds from its maintenance and general operation accounts.
Persons claiming indemnification under A.C.A. 21-9-203 — 21-9-201
must notify the Attorney General of the complaint or demand for damages and permit the Attorney General to participate in all trial proceedings or settlement negotiations. The Arkansas State Claims Commission has jurisdiction over all such claims. See21-9-202.
It is therefore clear, in response to your first question, that the protection offered to State officers and employees is limited to the payment of actual, not punitive damages that are based upon acts or omissions of the officer or employee while acting without malice and in good faith within the course and scope of his or her employment, and in the performance of his or her official duties.
In response to your second question, the risks to the practitioners who are state officers or employees will be determined in each instance by whether they were acting without malice and in good faith within the course and course [scope] of their employment. They are also potentially subject to an award of punitive damages since the foregoing provisions only extend to "actual, but not punitive damages."
If the Attorney General's Office cannot represent the officer or employee because of a conflict of interest, the Department of Human Services has the authority under 21-9-203 to hire special counsel for the officer or employee. The agency pays for this representation from its maintenance and general operation funds. Act 805 of 1987, which specifically addresses the payment of attorneys fees and court costs, should also be noted in response to your third question. Section 2 of Act 805 provides in pertinent part as follows:
 (a) Any State officer or State employee who has been subject to a lawsuit based on an act or omission of the officer or employee while acting within the course and scope of the office or employment and in performance of his other official duties shall be entitled to payment from the State for reasonable attorney fees and court costs incurred by the officer or employee in the action if: (1) the Attorney General declined to represent the officer or employee; and (2) the officer or employee acted without malice and in good faith.
Your final question involves the advisability of the Center securing professional liability and malpractice insurance for the non-physician treatment staff. As previously noted, staff members who are State officers and employees will be indemnified through the State Claims Commission for acts or omissions within the scope of their employment, without malice and in good faith. Coverage for these acts or omissions would therefore appear to be unnecessary. The claims Commission process will not afford protection against punitive damages. If the physician staff members have coverage which extends to punitive damages and to actions premised upon allegations of bad faith, distinctions in this regard between the physician and non-physician personnel may be unwarranted. Current coverage of this nature for the physician staff would indicate that the Center has made a determination with respect to the appropriateness of such coverage. The potential additional exposure under Act 243 of 1987 for the non-physician clinical staff, which you note in your request, may suggest that this coverage is also indicated for those staff members.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.